IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00868-FDW

| | |
|---|---|
| MICHAEL BRIAN WISE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID MITCHELL, Mountain )<br>Regional Director (Former )<br>Superintendent); KEN BEAVERS, )<br>Assistant Superintendent, N.C. )<br>D.P.S.- Div. of Prisons; )<br>JOHN A HERRING, Adm'r/ )<br>Superintendent, N.C. D.P.S.- )<br>Division of Prisons; LEONARD )<br>MCCOY, Unit Manager, N.C. D.P.S.- )<br>Div. of Prisons; FNU HORNE, )<br>Assistant Unit Manager NCDPS- )<br>Div. of Prisons; )<br>NORTH CAROLINA DEP'T )<br>OF PUBLIC SAFETY/PRISONS, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, which he filed while a prisoner of the State of North Carolina pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

**STANDARD OF REVIEW**

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## DISCUSSION

Plaintiff's principle concern centers on his fear for his safety and the safety of his fellow inmates. Plaintiff contends the defendants are opening inmate cells without first being presented with a cell card by the inmate. Instead some inmates are able to have their cell door opened by displaying two fingers or simply telling an officer that he wants the cell door opened. Plaintiff maintains this practice has caused thefts, assaults, and rape, among other things. Plaintiff further complains that this lax policy of opening cell doors violates DPS's own policy. Further, Plaintiff complains that the defendants are not consistently using the metal detection devises when screening inmates, also in violation of DPS policy.

Plaintiff was transferred to Lanesboro in April 2014, and upon observing the cell door and metal detector issues he addressed it with Defendant McCoy, and David Mitchell, who was

2

superintendent at the time, and Ken Beavers. Plaintiff was assured the issue would be resolved but after these meetings no action was taken so Plaintiff decided to file another written grievance. In September 2015, Plaintiff met with Mr. Horne, Assistant Unit Manager, about the substance of the grievance and Mr. Horne assured Plaintiff that he would fix the issues following a future staff meeting. (Compl. at 4). However, again no action was taken by the defendants to address the grievance. Plaintiff therefore filed a "CONFIDENTIAL GRIEVANCE" directly with the Director of the DPS in October 2016 although Plaintiff says he is unaware of whether the Director ever answered Plaintiff's complaint.

In his claim for relief, Plaintiff seeks a protective order against DPS that would ensure the safety of himself and fellow inmates by addressing the opening of the cell doors and incorrect usage of the metal detectors which he contends are violations of DPS policy. This order would serve to protect Plaintiff in particular because he is frequently in fear and the cell door situation is exacerbating his heart condition, diabetes, sleep apnea, neuropathy, and anxiety. (Id.)

Plaintiff's motion for a protective order for the benefit of other inmates will be denied as they are not parties to this action, and it does not appear Plaintiff is authorized to practice law in this Court on the inmates' behalf. See N.C. Gen. Stat. § 84.4 (discussing unauthorized practice of law).

Plaintiff's motion for a protective order for himself will likewise be denied because he has made no showing that he has been assaulted as a result the DPS' alleged failure to enforce its own cell door or metal detector policies. Plaintiff's claims, at best, point only to the fear of future harm. To be sure, the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To

3

establish a claim under § 1983 for failure to protect from violence, an inmate must show; (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison official has a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834. Simply put, in order to succeed on a claim of deliberate indifference to Plaintiff's safety, Plaintiff must show that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety, were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and drew that inference. Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) citing Farmer, 511 U.S. 825 at 837.

While Plaintiff may have presented a prima facie case, he must go still further to satisfy the injury-in-fact requirement when seeking injunctive and declaratory relief. Here, plaintiff must show that he is under threat of suffering an injury that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical. See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). Plaintiff had been housed at Lanesboro for over two and half years before he filed his complaint, yet in all that time Plaintiff has never alleged that he suffered physical injury; rather he limits his complaint to the fear of future injury, and although he complains that as of December 5, 2016, he has had unnamed items taken from his cell because his door was opened in his absence; this does not rise to the level a constitutional injury.

Finally, Plaintiff asserts that he recently qualified for medium custody, yet he remains in maximum custody, and he seeks an order of transfer. It is well-settled that an inmate has no constitutional right to a particular custody classification. See Meachum v. Fano, 427 U.S. 215, 225 (1976); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). See also Slezak v. Evatt, 21 F.3d 590. 594 (1994) ("The federal constitution itself vests no liberty interest in inmates

retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violating of the Constitution.) (quoting <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983), <u>abrogated on other grounds by Sandin v. Connor</u>, 515 U.S. 472 (1995)). Likewise, inmates generally have no protected liberty interest in being transferred to another prison upon request. <u>Hewitt</u>, 459 U.S. at 468.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim and it will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: January 5, 2017

Frank D. Whitney
Chief United States District Judge